GILBERT W. HAZELTINE, APPELLANT, *v.* MOSES M. MOORE, THANKFUL E. MOORE AND JOSEPHUS H. CLARK, RESPONDENTS.

*Vendor's lien on real estate—what a waiver of—when destroyed by taking a collateral agreement to secure the purchase-money.*

A vendor of real estate waives his lien for the unpaid purchase-money, by taking the note or obligation of a third person therefor,. or by taking from the vendee an agreement to pay the amount due, in some commodity other than money.

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee.

The plaintiff was seized of a certain piece of land, described in the complaint, which he, on September 9, 1867, in pursuance of an agreement made with the defendant, Moses M. Moore, and at his request, conveyed to the defendant Thankful E. Moore, the wife of the defendant Moses, receiving in part payment thereof another piece of land called the Barnes lot. There were then two mortgages on the land of which the plaintiff was seized, and he sold and exchanged the same subject to them. Over and above the mortgages there remained due to the plaintiff the sum of $350. This amount M. M. Moore agreed should be paid in goods from a store owned by a firm, of which he was a member. Both of the two mortgages upon the land which the plaintiff sold, were subsequently, and before the commencement of this action, assigned to the defendant Clark, to whom, on July 30, 1869, two days after the commencement of this action, the defendants Moore gave a third mortgage upon the same premises. This action was brought to foreclose an equitable lien for the unpaid purchase-money, which the plaintiff claimed existed in his favor.

*A. Hazeltine, Jr.,* for the appellant.

*Lakin & Sessions,* for the respondent.

TALCOTT, P. J. :

The action was brought to foreclose a lien, for a part of the pur-

chase-money unpaid to the plaintiff upon the conveyance of the premises to Thankful E. Moore, the wife of the defendant Moses M. Moore, and the only question raised is between the plaintiff and Josephus H. Clark, the holder of three mortgages upon the premises conveyed, two of them executed prior to the conveyance, and one subsequently. The referee has reported, by which report he authorizes the foreclosure of the lien, amounting to $115.29, with interest from September 6, 1869, but postpones the same to all three of the mortgages held by Josephus H. Clark.

The history of the matter is as follows : Upon a certain exchange of property the plaintiff conveyed to Thankful E. Moore certain premises in the village of Jamestown, and received from her in return certain other premises ; and for the balance of the purchase price unpaid to the plaintiff on the said exchange, M. M. Moore executed his obligation in the words and figures following.

"JAMESTOWN, N. Y., September 9, 1867.

"For value recd. I promise to pay to Dr. G. W. Hazeltine or bearer, three hundred and fifty dollars in goods, at the store of Moore, Orms & Co., at ten per cent. advance from the New York cost thereof.

"M. M. MOORE."

The said Moses M. Moore was, at the time, a member of the firm of Moore, Orms & Co., who were then carrying on the business of druggists at Jamestown. The said Moses M. Moore was also the husband of Thankful E. Moore, and had made the bargain for the exchange of the lands, such exchange having been made at his request and by his procurement. All except the balance of $151.29 has been paid on the due bill.

We think the amount remaining unpaid on the said due bill was not a lien on the premises conveyed by the plaintiff. A lien for the purchase-money is waived where a note is taken by the vendor in which a third person joins as security. *A fortiori* where the obligation taken is the obligation of a third person and not of the vendee.

But suppose the obligation is to be treated as the obligation of

the vendee, because of the relation which the obligee sustained towards the vendee, or because the whole exchange of property was made at the request of the obligor. Then, there is another rule which prevents the amount due on the obligation from being a lien on the granted premises. The breach of a collateral agreement to pay part of the consideration for the lands sold, in another commodity than money, creates no lien on the land, and the taking of such an obligation is a waiver of any lien for the purchase-money, so far as the amount agreed to be paid in another commodity is concerned. (See *Fisk* v. *Potter*, 2 Abb. Ct. App. Dec., 138; *S. C.*, 2 Keyes, 64.) So held, where the vendor had agreed to receive a part of the consideration of the purchase in railroad stock. The plaintiff got more than he was entitled to by the judgment, but as to that, there is no appeal by the defendants.

The judgment is affirmed, with costs of the appeal.

SMITH and HARDIN, JJ., concurred.

Judgment affirmed, with costs of the appeal.